IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00982-LTB-KLM

WENDY L. PEDEN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [#13] (the "Motion"), filed on June 11, 2014. Defendant filed a Response [#21] in opposition to the Motion, and Plaintiff filed a Reply [#23]. The Scheduling Order [#20] governing this case provides that the deadline for joinder of parties and amendment of pleadings was August 9, 2014. Accordingly, Plaintiff's Motion was timely filed.

Plaintiff seeks leave to amend the Complaint to correct various typographical errors, which Defendant does not oppose, as well as to add one new state law claim for delay or denial of benefits under Colo. Rev. Stat. § 10-3-1115, which Defendant opposes.

The Court has discretion to grant a party leave to amend her pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Here, Defendant argues that the proposed amendment is futile and that the Motion should be denied on that basis.

The Court first notes that the parties discuss this case in terms of what Plaintiff has already proven. *See, e.g., Response* [#21] at 6 ("In the instant case, plaintiff has not proven whether she would have been entitled to amounts in excess of the benefits she received, and therefore State Farm has no duty to pay UIM benefits at this time."). The parties also submit documents to support their theories of whether Plaintiff's proposed claim is futile. *See, e.g., Exs. C & D to Response* [#21-3, #21-4]; *Exs. 1-6 to Reply* [#23-1, #23-1, #23-3, #23-4, #23-5, #23-6]. However, the parties' attempt to mold Defendant's futility argument into a summary judgment issue is premature. *Response* [#21] at 6; *Reply* [#23] at 3-4. To permit amendment under Rule 15(a)(2), Plaintiff need do no more than provide enough allegations in the proposed Amended Complaint such that the claim would survive a motion to dismiss. *See Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (stating that an amendment is futile if it would not survive a motion to dismiss)). There are no circumstances present here to allow the Court to view the submitted evidentiary documents as on a motion to dismiss. *See Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1057 n.8 (D. Colo. 2013) (discussing circumstances when a court may consider documents outside of the complaint on a motion to dismiss without converting the motion into one for summary judgment). The Court therefore declines to review the

parties' submissions in this respect.

Colo. Rev. Stat. §§ 10-3-1115(1)(a) states that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Defendant relies heavily on *Vaccaro v. American Family Insurance Group*, 275 P.3d 750 (Colo. App. 2012), to support its argument that Plaintiff's claim under Colo. Rev. Stat. §§ 10-3-1115(a) is futile. *Response* [#21] at 5-6. As *Vaccaro* makes clear, statutes such as Colo. Rev. Stat. §§ 10-3-1115(1)(a) "create a right of action separate from the common law tort of bad faith breach of an insurance contract." 275 P.3d at 756. Further, "[w]hile first-party bad faith principles require a plaintiff to establish that the insurer knew or recklessly disregarded the fact that its conduct was unreasonable, the statutory claim requires only that a first-party claim be denied without a reasonable basis." *Id.* (internal citations omitted). Thus, "[t]he standard contained in § 1115 arguably is less onerous on the insured, and the remedies contained in § 1116 are more financially threatening to the insurer than a traditional common law bad faith claim." *Id.* (citation omitted).

Under the statute, an insurer's actions are unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). Citing to *Vaccaro*, 275 P.3d at 759, Defendant argues that "[a] dispute about the value of plaintiff's damages or whether she is entitled to UIM benefits is not sufficient to sustain a claim for unreasonable delay or denial of benefits owed, because under the express terms of the policy, no benefits are owed until either the parties reach an agreement with respect to the amount of plaintiff's damages or plaintiff has met her burden of proof in the appropriate judicial setting as to the amount of her damages."

-3-

*Response* [#21] at 6. Multiple decisions in this district have already rejected this argument, however. As Judge Arguello summarized:

> Under Defendant's logic, any insurer would be insulated from liability under § 10-3-1115(1)(a) as long as they dispute the amount of "benefits owed", no matter how unreasonable the insurer's position. Put another way, a defendant insurer . . . could unreasonably delay and/or deny a valid claim for benefits and unreasonably refuse to settle the claim. Despite this bad faith, however, the insurer could not be found liable under the statute unless and until its insured prosecuted a successful breach-of-contract suit against the insurer and won a judgment for damages. This would cause the insured to first need to successfully prosecute the breach-of-contract suit against the insurer, and then subsequently bring an entirely separate lawsuit seeking to prove a violation of C.R.S. [§ ] 10-3-1115 . . . . [This] surely cannot be what the [Colorado] General Assembly intended. Thus, the fact that the benefits owed to Plaintiff is currently in dispute does not mean that Plaintiff's statutory bad faith claim fails as a matter of law.

(internal citations omitted) (citing to *Tadehara v. State Farm Mut. Auto. Ins. Co.*, No. 09-cv-02893, 2011 WL 4048782, at *4-5 (D. Colo. Sept. 12, 2011) (Krieger, J.); (Doc. #99-1, *Fiechtner v. Am. Family Mut. Ins. Co.*, No. 09-cv-02681, Martinez, J., Oral Ruling re Defendant's Rule 50(a) motion). The undersigned agrees and sees no reason to reject the sound reasoning of these opinions in the context of the present case. Plaintiff's citation to *Vaccaro* that "[a]n insurer is under no obligation to negotiate a settlement when there is a genuine disagreement as to the amount of compensable damages payable under the terms of an insurance policy" is not determinative here where Plaintiff has essentially alleged that there should be no genuine disagreement as to the amount of compensable damages owed her. 275 P.3d at 759. Accordingly, the Court finds that Plaintiff's claim at this early stage of the case is not futile.

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff shall file a non-red-lined version of the proposed Amended Complaint **on or before September 29, 2014**.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

DATED: September 22, 2014 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge