IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-00982-LTB-KLM

WENDY L. PEDEN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## STIPULATED PROTECTIVE ORDER

This Order is entered pursuant to the agreement of counsel for plaintiff Wendy Peden and counsel for defendant State Farm Mutual Automobile Insurance Company ("defendant").  This order is issued because defendant State Farm Mutual Automobile Insurance Company, pursuant to plaintiff's written discovery requests will produce certain documents stamped CONFIDENTIAL and containing bates labels beginning with Confidential Documents 000001, which it considers confidential, proprietary and trade secret.

The Court hereby orders the production and use of such documents in this case will be conducted pursuant to the following:

    1.    All such documents shall be stamped "CONFIDENTIAL" by defendant, it is agreed that the documents so designated are subject to this Protective Order (hereinafter referred to as "documents").

2. Information obtained by the plaintiff and her counsel from the documents and the documents themselves shall be used only for the purpose of prosecuting this action and only this action.

3. If any transcripts of depositions, answers to interrogatories, motions, briefs or other pleadings to be filed with the Court include all or part of a Protected Document, such pleadings or other papers shall be filed with the Clerk of the Court in sealed envelopes marked "CONFIDENTIAL NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT."

4. Plaintiff and her counsel agree that the documents and the information obtained from the documents shall not be disclosed to anyone except those necessary for the defense or prosecution of this litigation. No disclosure shall be made to anyone outside the context of this litigation. Disclosure to persons within the context of this litigation, other than a named party, their counsel, and Court personnel, can only be made if such person first signs an agreement, in the form of Protective Order - Confidentiality Agreement, recognizing and agreeing to be bound by this Protective Order.

5. In the event of a deposition of a non-party or a party, or one of its present or former officers, directors, employees, agents, or an expert retained for purposes of this litigation, it is agreed that any confidential documents or information obtained therefrom is confidential and the deposition shall remain confidential and shall not be

used or distributed for any purpose other than in connection with this litigation. Any original depositions filed with the Court or used at trial shall be sealed by the Clerk of the Court unless otherwise ordered by the Court. Defense counsel must designate at time of deposition any portion she considers confidential.

6.  No later than fourteen days after production of documents, plaintiffs may object to defendant's designation of particular documents by giving written notice to defendant. The written notice shall identify the documents to which the objection is made. Failure to provide a written notice of objection to designation of particular documents constitutes a waiver of any objection to the designation. If the parties cannot resolve the objection within fourteen days after the time the notice is received, it shall be the obligation of the party disputing the production of the information to make an appropriate motion pursuant to MJ Mix's discovery procedures, requesting that the Court determine whether the disputed documents should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed documents shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion made under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed documents to be treated as confidential.

KLM

3

7. At the conclusion of the action, counsel for plaintiff will promptly furnish to counsel for defendant, Harris, Karstaedt, Jamison & Powers, P.C., a letter which identifies all persons or entities to whom documents or information have been disclosed along with a copy of the list maintained pursuant to paragraph 5 and a copy of the written agreement regarding confidentiality obtained from each person or entity. Counsel for plaintiffs will return to counsel for defendant, Harris, Karstaedt, Jamison & Powers, P.C., within 30-days of the conclusion of this case, the original documents plus all copies or reproductions of any kind made from the documents.

8. Any documents subject to this Protective Order that are filed with the Court as part of the record in this case shall be filed under seal and shall remain under seal until withdrawn or until further Order of the Court.

9. The production of such documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

10. Unless otherwise authorized by defendant State Farm or ordered by this Court, Protected Documents shall not be used for any purpose other than the preparation and trial of this action, and appeals of all or part of this action, and shall not be disclosed to any person, except as is necessary for that purpose.

11. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall

4

not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within seven (7) days after learning of the disclosure.

12. Issues regarding the use of Protected Documents at trial shall be determined by the Court.

13. This Order shall be construed in accordance with and governed by the laws of the State of Colorado.

IT IS SO ORDERED.

DATED this 22nd day of October, 2014.

BY THE COURT

_____
UNITED STATES DISTRICT COURT JUDGE

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO