IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 14-cv-00982-LTB-KLM

WENDY L. PEDEN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

_____

ORDER
_____

This matter is before me on a Partial Motion for Summary Judgment filed by Plaintiff Wendy L. Peden, in which she seeks a legal ruling establishing the amount of the "covered benefit" in this case, as set forth in Colorado Revised Statute §10-3-1116(1), for the purposes of assessing damages on Plaintiff's Statutory Unreasonable Denial or Delay in payment claim. [**Doc #46**] Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes the motion. Oral arguments would not materially assist me in my determination. After consideration of the parties' briefs and attachments, I GRANT the relief requested.

## I.  Background

Plaintiff incurred serious injuries during a car accident on November 10, 2012. Plaintiff and three other passengers were injured when the 1962 Volkswagen Van they were riding in was involved in a single car accident caused by the driver, Terrill Graf. After the accident, the driver was charged with vehicular assault while driving under the influence of alcohol or one or more drugs or both.

1

Plaintiff's claims against the at-fault driver were settled by State Farm adjuster Matt Schultz on February 4, 2014, under the available bodily liability coverage. Because the amount of her compensatory damages exceeded the liability settlement, Plaintiff made a claim under her policy with State Farm pursuant to her under-insured motorists ("UIM") coverage. State Farm UIM adjuster Kristine Krist denied her claim for UIM benefits on February 27, 2014. The reason provided for the denial was that State Farm believed that Plaintiff was "fairly compensated by payment of the $210,000 bodily injury liability settlement as well as the $30,000 previously paid" in medical payments coverage. State Farm indicated that it valued Plaintiff's claim at $272,474.76 for her medical bills, wage loss, general damages, and cost of tuition reimbursement. State Farm then discounted that amount by 15% based on its assignment of her assumption of risk. In so doing, State Farm noted that "[i]t is our understanding that the occupants of the vehicle involved in the accident had consumed alcohol prior to the accident." Thus, based on its evaluation of her damages ($272,474.76, deducted by 15% for assumption of risk, in the total amount of $231,603.55) State Farm concluded that Plaintiff was fairly compensated for the injuries she sustained as she had received $240,000 in liability benefits. As a result, State Farm was "not in the position to offer her a UIM settlement." [Doc #54-8]

The day following State Farm's denial, Plaintiff filed this lawsuit against State Farm in Mesa County District Court. State Farm removed the case to this Court on diversity grounds pursuant to 28 U.S.C. §1332(a) §1441 and §1446. [Doc #1] In her Amended Complaint, Plaintiff asserts claims for: 1) Breach of the Insurance Contract; 2) Common Law Breach of Good Faith and Fair Dealing; and 3) Violation of Colorado Revised Statutes §10-3-115 and §10-3-116 (Statutory Unreasonable Denial or Delay). [Doc #28] After Plaintiff filed this lawsuit, State Farm made a partial payment to her in the amount of $179,666.01, on March 18, 2015,

based on information subsequently provided to it by Plaintiff.  Then, on May 15, 2013, State Farm paid Plaintiff $170,333.99.  It is, therefore, undisputed that State Farm has now paid Plaintiff $350,000, which constitutes the maximum amount of the UIM benefits available to her.

## II.  Prior Summary Judgment Ruling

On September 9, 2015, I granted Defendant's motion for summary judgment, and entered judgment in favor of State Farm on all of Plaintiff's claims.  [Doc #72]  I concluded that State Farm's conduct and decisions in evaluating Plaintiff's UIM claim in this case were, at each point in the process, made with a reasoned basis and without reckless disregard as to the validity of her claim.  Accordingly, based on the undisputed facts, I granted State Farm's motion seeking summary judgment in its favor on the basis that the decisions it made in adjudicating Plaintiff's UIM benefits claim were reasonable as a matter of law.  In addition, because I ruled that State Farm was entitled to summary judgment on Plaintiff's Statutory Unreasonable Denial or Delay claim, I ruled that Plaintiff's motion for partial summary judgment seeking a legal determination as to her damages on that claim was no longer at issue.

Plaintiff appealed my ruling to the Tenth Circuit. [Doc #76]  On November 15, 2016, the Tenth Circuit reversed the summary judgment in favor of State Farm by ruling that a reasonable fact-finder could infer that State Farm breached its duty of good faith and fair dealing by failing to reasonably investigate Plaintiff's UIM claim and by failing to reasonably investigate the damages she could obtain against the at-fault driver.  *Peden v. State Farm Mut. Auto. Ins. Co.*, 841 F.3d 887 (10th Cir. 2016).  In addition, because the Tenth Circuit reversed the award of summary judgment to State Farm, it vacated the denial of Plaintiff's motion for partial summary judgment and ordered that I  "should address this motion on remand." *Id.*

### III. Plaintiff's Motion

In her motion for partial summary judgment, Plaintiff seeks a ruling as it relates to her Statutory Unreasonable Delay or Denial claim under §10-3-1115 & §10-3-1116. Specifically, she seeks a ruling that the "covered benefit," as set forth in §10-3-1116(1), means the $350,000 UIM policy limits that were ultimately paid to her by State Farm in this case. That statute provides, in relevant party, that a plaintiff "whose claim for payment of benefits has been unreasonably delayed or denied may . . . recover reasonable attorney fees and court costs and two times the covered benefit." §10-3-1116(1). Plaintiff contends that if she proves that State Farm acted unreasonably in its denial or delay of payment, a jury would not be required to determine the amount of the "covered benefit" as the damages would be two times the covered benefit of $350,000 (plus attorney fees and costs).

In support of this argument, Plaintiff refers me to *Hansen v. American Family Mutual Insurance Co.,* 383 P.3d 28 (Colo. App. Dec. 19, 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. June 20, 2016), in which a division of the Colorado Court of Appeals addressed what constitutes a "covered benefit" under §10-3-1116(1). The Court ruled that the "award to be made to the prevailing claimant is not the damages suffered by the claimant caused by the delay in the payment of the benefit, but rather two times the covered benefit the payment of which was unreasonably delayed or denied." *Id.* (ruling that calculation of the covered benefit, in the UIM context, is based on "(1) the damages, if any, suffered by the insured in the covered accident; (2) the amounts, if any, recovered from, or on behalf of, the third-party tortfeasor(s); and (3) the UIM policy limit of liability").

Because the covered benefit under the insurance contract at issue in *Hansen v. American Family* was $75,000 – the maximum UIM policy benefits available after reduction of payment

4

by the legally liable party, and the amount paid by the insurer following a mediation settlement – the division of the Colorado Court of Appeals ruled that the jury should not have been instructed to determine the amount of the covered benefit. *Id.* at 37. The Court ruled that pursuant to §10-3-1116(1), the plaintiff was entitled to an award of two times the covered benefit, which was established in that case at the maximum UIM policy benefits of $75,000. *Id.* at 37-38 (distinguishing that while "delay damages" are awardable under a common law bad faith claim, the measure of recovery for the statutory claim, in contrast, is the "covered benefit" the payment of which was unreasonably delayed or denied); *see also Home Loan Investment Co. v. St. Paul Mercury Ins. Co.,* 78 F.Supp.3d 1307 (D. Colo. 2014)(indicating that the parties' agreed that the amount of the covered benefit was the damages assessed on the breach of contract claim); *Toy v. American Family Mutual Insurance Co.,* 2014WL321213 (D.Colo. 2014)(unpublished)(ruling that because §10-3-1116 is a penalty statute, "the fact that calculation of the 'covered benefit' may be divorced from actual damages is not inconsistent with the legislative scheme").

State Farm argues, in response, that a "covered benefit" under §10-3-1116(1) needs to be interpreted in conjunction with §10-3-1115(4) which provides that "an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of *a* covered benefit without a reasonable basis for *that* action." *Id.* (emphasis added). As a result, State Farm argues that a harmonious reading of the statute reveals that the "covered benefit" used to assess the penal damages in §10-3-1116(1) is not the total amount of the benefit ultimately owed by the insurer, but rather, the amount of the benefit that was owed but unreasonably delayed or denied by the insurer. In so arguing, State Farm attempts to discredit the legal authority cited by Plaintiff on the basis that it is factually distinguishable because the parties in those cases did not dispute the amount of the covered benefit. State Farm argues that in this case, in contrast, the

amount of the covered benefit that was unreasonably denied or delayed is disputed. Therefore, it asserts that Plaintiff here must prove the amount of benefits she was entitled to recover at different points in time, depending on decisions made by State Farm as further information became available at each relevant time in the process.

I disagree. The statute does not define the term "covered benefit." The Colorado case law, to date, is not definitive. However, because in this case the maximum amount of the UIM benefits available were ultimately paid by State Farm, the amount of the "covered benefit" is likewise not subject to dispute as was the case in *Hansen v. American Family*. 383 P.3d at 38 (finding no dispute as to the value/amount of the covered benefit – the maximum policy UIM benefits of $75,000 – as the amount ultimately owed to the insured determined by settlement, following a mediation, post-lawsuit). I note that the Colorado Court of Appeals, in deciding *Hansen v. American Family,* rejected the insurance companies argument that the claimant was required to prove damages attributable to the denial or delay, in order to recover under §10-3-1116(1), as "devoid of support in the statute." *Id.* at 37-38.

As a final matter, I address and reject State Farm's contention that a determination that the amount ultimately paid to Plaintiff (which, in this case, was the maximum amount available) constitutes the "covered benefit" would result in a constitutional denial of due process to State Farm. Specifically, State Farm argues that "[i]t would violate [its] right to constitutional due process if it could be penalized for actions that it justifiably believed were reasonable and lawful." State Farm asserts that because it believed that it acted lawfully (in that during the process of assessing Plaintiff's UIM claim there were "genuine disagreements regarding the amount of compensable UIM benefits sustained by Plaintiff" and State Farm had a "reasonable basis for the decision it made" during those times) the imposition of penal sanctions "would

depart from the fundamental principals of justice embraced in the recognized conception of due process of law."

State Farm's due process argument misapprehends the nature of the requested ruling as to the amount of the "covered benefit" in this case. Such ruling relates to the amount of the penal damages that would be due, under §10-3-1116(1), following a jury determination – and the resulting due process – that State Farm's delay or denial was unreasonable in that it "delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." §10-3-1115(2). Thus, State Farm's argument of a due process violation in the determination of a penal amount is misplaced; rather, the due process it is entitled to is a jury determination related to whether its actions were, under the facts here, reasonable.

As a result, I agree with Plaintiff that she is entitled to a ruling that, under the circumstances of this case, the "covered benefit" as set forth in §10-3-1116(1) means the $350,000 UIM policy limits that were ultimately paid to her by State Farm.

ACCORDINGLY, I GRANT Plaintiff's Partial Motion for Summary Judgment [**Doc #46**].

Dated: December  14 , 2016,  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge