IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 14-cv-00982-LTB-KLM

WENDY L. PEDEN,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

## ORDER

---

This matter is before me on Plaintiff's Motion for a New Trial, filed by Wendy

L. Peden pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). **[Doc #195]**

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") has

filed its Response [Doc #197] and Plaintiff filed her reply. [Doc # 200]  Oral

arguments would not materially assist me in my determination.  After

consideration of the parties' briefs, for the reason stated, I DENY Plaintiff's motion

seeking a new trial.

## I. BACKGROUND

Plaintiff and three other passengers were injured when the 1962 Volkswagen

van they were riding in was involved in a single car accident.  Plaintiff's claims

against the at-fault driver for bodily liability coverage were settled by State Farm.

Because Plaintiff believed that the amount of her compensatory damages exceeded

the liability settlement, she submitted a claim to State Farm pursuant to the available under-insured motorists ("UIM") coverage of $350,000, by sending State Farm a demand letter dated December 30, 2013. State Farm evaluated her UIM claim, and sent a response on February 27, 2014, indicating that it concluded that Plaintiff was fully compensated for the injuries and damages she sustained via the liability benefits previously paid. Following State Farm's decision that she was not entitled to UIM benefits in February of 2014, Plaintiff filed this lawsuit asserting claims for: 1) Breach of the Insurance Contract; 2) Common Law Breach of Good Faith and Fair Dealing; and 3) Violation of Colorado Revised Statutes §10-3-1115 and §10-3-1116 (Unreasonable Delay or Denial of Benefits).

After Plaintiff filed this lawsuit, State Farm re-evaluated Plaintiff's UIM claim and made an offer of settlement in the amount of $179,660.01 on February 27, 2015. Then, on May 15, 2015, State Farm paid Plaintiff the remaining $170,339.99. As such, State Farm paid Plaintiff $350,000, which constituted the full amount of the UIM benefits available.

On September 9, 2015, I granted State Farm's Motion for Summary Judgment. [Doc #72] Plaintiff appealed and, on November 15, 2016, the Tenth Circuit reversed and remanded. *Peden v. State Farm Mut. Auto. Ins. Co.*, 841 F.3d 887 (2016). The Tenth Circuit ruled that genuine issues of material facts existed as to whether State Farm adequately investigated whether Plaintiff knew that the at-fault driver was drunk and planning to drive (assumed the risk), and whether State Farm reasonably investigated the damages Plaintiff could obtain against the at-

fault driver (adequately investigated his liability to her). *Id.* at 891-92. The Tenth Circuit also indicated that a genuine issue of material fact existed as to "the reasonableness of State Farm's initial refusal to pay anything for future non-economic damages or future wage loss." *Id.* at 894.

Following remand, I dismissed Plaintiff's Breach of Contract claim on April 20, 2017. [Doc #96] And, on November 6, 2017, I dismissed Plaintiff's Bad Faith Breach of Contract Claim upon her Stipulation for Dismissal. [Doc #120] As a result, Plaintiff's remaining claim for Unreasonable Delay or Denial of Benefits, in violation of §10-3-1115 and §10-3-1116, was tried to a jury starting on October 22, 2018.

At trial Plaintiff argued that State Farm unreasonably denied or delayed paying her the UIM benefits that were available and owed to her. The jury was instructed that for Ms. Peden to recover, it must find one or both of the following was proved by a preponderance of the evidence:

> 1. State Farm denied payment of UIM benefits to Ms. Peden and that denial of payment was without a reasonable basis; or
>
> 2. State Farm delayed payment of UIM benefits to Ms. Peden and that delay of payment was without a reasonable basis.

As a result, the Special Verdict Form provided to the jury asked them to determine: 1) whether State Farm denied payment to Plaintiff of any part of her covered UIM benefits (and, if so, was that denial of payment without a reasonable basis) and 2) whether State Farm delayed payment to Plaintiff of any part of her covered UIM benefits (and, if so, was that delay of payment without a reasonable

3

basis). [Doc #185]  After deliberation, the jury found that State Farm did not deny or delay payment to Plaintiff of any part of her UIM benefits and, as such, the jury did not reach the question of whether the denial or delay of payment was with or without a reasonable basis. [Doc #191]  I subsequently entered final judgment in favor of State Farm on October 29, 2018. [Doc #192]

Plaintiff has now filed this Motion for New Trial in which she claims that the jury's factual determination that State Farm neither denied nor delayed paying Plaintiff any part of her UIM benefits was irreconcilable with the weight of the evidence presented at trial.  Plaintiff argues that while the reasonableness of State Farm's payments was a determination that was subject to dispute, the threshold questions of whether State Farm either denied or delayed paying Plaintiff was "decidedly against the weight of the evidence."   As a result, Plaintiff argues that she is entitled to a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). [Doc #195]

State Farm, in response, argues that the evidence presented at trial, although often disputed, was sufficient to allow the jury to conclude that State Farm's claims handling did not constitute either a delay or denial of payment to Plaintiff of her covered UIM benefits.

## II. LAW

After a jury trial, the court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1).  A motion for new trial "is not regarded with favor and should only

be granted with great caution." *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991). The decision whether to grant a new trial is committed to the sound discretion of the trial court. *Id.*

A motion for a new trial based on the ground that the verdict is against the weight of the evidence presents a question of fact. *Patton v. TIC United Corp.*, 77 F.3d 1235, 1242 (10th Cir. 1996); *see also Iowa Pac. Holdings, LLC v. Nat'l R.R. Passenger Corp.*, 853 F. Supp. 2d 1094, 1097 (D. Colo. 2012). Therefore, "[i]n deciding a new trial motion based on insufficiency of the evidence, a district court must analyze whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013)(citations omitted); *see also Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1250-51 (10th Cir. 2013); *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)(ruling that "[w]here a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence").

The Court views the evidence in the light most favorable to the prevailing party, "bearing in mind that the jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *Hach Co. v. In-Situ, Inc.*, 2016 WL 9725765 (D. Colo. 2016)(unpublished)(citations omitted).

# III. ANALYSIS

Plaintiff's argument is that she is entitled to a new trial because the jury's factual determinations that State Farm did not deny or delay payment of any part of Ms. Peden's covered UIM benefits was against the weight of the evidence. Specifically, she argues that the evidence presented "clearly demonstrated that there were both a denial and delay of some portion of Ms. Peden's covered UIM benefits, and that a reasonable jury could not have found otherwise."

With regard to State Farm's *denial* of payment, Plaintiff notes that the jury was presented with evidence that after she made a claim for her UIM benefits via a demand letter, Kristine Krist – a State Farm representative – responded to Plaintiff's demand letter on February 27, 2014. [Doc #195 Exhibit 1]  That letter indicated that "we [State Farm] are not in a position to offer Wendy Peden a UIM settlement.  It is our [State Farm's] position that she was fairly compensation for the $210,000 received for the bodily injury settlement and the combined amount of $30,000 previously paid in Medical Payment Coverage." [Doc #195 Exhibit 2] Plaintiff also refers to evidence that Plaintiff's counsel then asked if State Farm would be willing to engage in alternative dispute resolution ("ADR"), and Ms. Krist's notes from that telephone conversation indicate that she responded that State Farm "had not placed value on claim so no reason to attend ADR." [Doc #195 Exhibit 3]  Plaintiff argues that when an insured makes a claim for UIM benefits, a response that she has already been adequately compensated (and a refusal to participate in ADR) is a "definitive denial of benefits."

6

With regard to State Farm's *delay* in making payment, Plaintiff contends that the weight of the evidence presented to the jury was that State Farm delayed when paying Plaintiff her UIM benefits. Specifically, Plaintiff argues that – at a minimum – State Farm delaying paying UIM benefits for scarring related to her left tibial plateau fracture and her facial lacerations. State Farm refers me to notes in the claim file indicating that Ms. Krist initially allotted $30,000 to $40,000 for Plaintiff's tibial fracture on February 21, 2014, and then increased that amount by $15,000 to $20,000 for the resulting scarring on May 6, 2015. Likewise Ms. Krist initially allotted $3,000 to $4,000 for Plaintiff's facial lacerations on February 21, 2014, and then added $7,000 to $10,000 for scarring on May 6, 2015, over a year later. [Doc #195 Exhibit 6] Plaintiff argues that State Farm was aware of the scarring as of December of 2013, when it received Plaintiff's demand letter indicating she "is left with an ugly scar on her leg and a scar on her face" and that the letter included a photograph of the scarring on her leg and on her face [Doc #195 Exhibit 1] Plaintiff contends that although she was owed UIM benefits for her scarring as December 2013, State Farm delayed paying her these benefits until May of 2015.

State Farm argues, in response, that although evidence was presented at trial from which the jury could infer that State Farm denied or delayed paying Plaintiff, counter evidence was also presented regarding how Ms. Krist evaluated Plaintiff's injuries and damages at various points in time over the history of her claims handling. From this evidence, particularly when it is viewed in favor of

State Farm, the jury could properly conclude that State Farm did not deny or delay payment of Plaintiff's UIM benefits.

State Farm first asserts that evidence was presented to the jury that Ms. Krist's initial determination (that Plaintiff was not entitled to payment on her UIM claim in February of 2014) did not constitute a denial. Specifically, that this position was not a denial of payment – in contrast to a determination that Plaintiff was not entitled to UIM benefits or that the tortfeasor was not at fault – but instead a was determination that the information it had at the time did not support the payment of UIM benefits because Plaintiff had already been fully compensated for her damages. State Farm notes that a followup letter advised Plaintiff's counsel that "as we discussed, should you have any additional documentation you wish for State Farm to consider, please send it to us for our review and consideration." [Doc #195 Exhibit 5] The jury was also presented with evidence that State Farm went on to review new information, when it became available, and on two occasions paid her benefits (after learning she had back surgery, and again after learning that she obtained a report from an economist that she incurred substantial economic loss due to her injuries)

As to Plaintiff's contention that the weight of the evidence is that State Farm delayed when paying her UIM benefits, State Farm contends that the jury was presented evidence that each time it was provided with new information, it promptly re-evaluated whether payment was due to her. And, when it was, State Farm paid her. As to the specific contention that State Farm was aware that

Plaintiff incurred scaring on her leg and face as of her demand letter dated December of 2013, but did not pay her until May of 2015, State Farm notes that evidence was presented to the jury that the photograph was not of scarring, but rather a post-surgical photograph. In addition, Ms. Krist testified that she included some anticipated leg scarring when assessing her general damages in February of 2014. Then, when she received evidence of her leg and facial scars after Plaintiff under went an EUO (examination under oath) in April of 2015, she increased the evaluation for scarring.

The factual determinations made by the jury were that State Farm did not "deny payment to the Plaintiff . . . of any part of her covered . . . (UIM) benefits" and did not "delay payment to the Plaintiff . . . of any part of her covered . . . (UIM) benefits." [Doc #191] There was sufficient evidence presented for the jury to infer that Ms. Krist's February 2014 letter was not a denial of payment, but rather was a determination that, at that time, Plaintiff was not entitled to payment of her UIM benefits. Likewise, there was sufficient evidence presented for the jury to determine that when State Farm was provided with new information, it promptly re-evaluated whether payment was due and, when it determined it was, State Farm did not delay in paying Plaintiff her UIM benefits. The jury's factual determinations as to whether State Farm denied or delayed paying Plaintiff were not "clearly, overwhelmingly, or decidedly against the weight of the evidence" and, as such, I deny Plaintiff's motion seeking a new trial pursuant to Rule 59 (a)(1)(A). *See e.g. Hach Co. v. In-Situ, supra* (ruling that a motion for new trial that asks the

court to re-weigh the evidence must be denied as weighing conflicting evidence is the proper province of the jury, not the court).

ACCORDINGLY, I DENY Plaintiff's Motion for a New Trial [Doc #195] filed pursuant to Federal Rule of Civil Procedure 59(a)(1)(A).

DATED:  January 16, 2019, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE